IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-20-FL
No. 7:12-CV-360-FL

| THOMAS EARL SMITH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court upon Petitioner Thomas Smith's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate").[1] DE-42. The government seeks to dismiss the motion to vacate. DE-47. The time for response, as extended by this Court's May 14, 2013 order, has passed.[2] *See* DE-51. Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Petitioner's motion to vacate (DE-42, 44) be DENIED, and that the Government's motion to dismiss (DE-47) be GRANTED.

I.  BACKGROUND

Petitioner was indicted on February 17, 2010 on four charges stemming from possession

---

[1] Petitioner filed an amended motion to vacate pursuant to this Court's directive. DE-44. The contents of both this and the original motion are considered herein.

[2] Petitioner moved for and was granted an extension of time in which to file his response, yet did not submit one. DE-51. He did, however, subsequently file a motion to reduce his sentence pursuant to the Fair Sentencing Act, DE-52, which was denied because the Fair Sentencing Act had been applied to Petitioner at the time of his sentencing. DE-58.

of firearms and conspiracy to distribute fifty grams or more of cocaine base. DE-1. On July 29, 2010, he pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841 & 846 (Count One), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three), pursuant to a written plea agreement. DE-27, 29. The plea agreement included an appeal waiver, stating that Petitioner agreed to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement, DE-27 at ¶ 2(c). For its part, the government agreed to dismiss Counts Two and Four of the indictment. *Id.* ¶ 4; *see also* DE-1.

Petitioner was sentenced on February 25, 2011 to a total term of imprisonment of 135 months. DE-38. He did not appeal his conviction or sentence to the Fourth Circuit, but filed the instant motion to vacate on August 27, 2012.

## II. PETITIONER'S MOTION TO VACATE

A petitioner must file his motion to vacate within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>   collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Petitioner did not file a direct appeal from his conviction and sentence, his conviction became final as of the expiration of the time for filing a direct appeal. *United States v. Johnson*, 203 F.3d 823, 2000 WL 140067 at *1, (4th Cir. 2000) (unpublished). The Federal Rules of Appellate Procedure provide that in a criminal case, a defendant must file a notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i) & 4(b)(6). Judgment was entered in Petitioner's criminal case on February 25, 2011, DE-38, and his conviction therefore became final on March 11, 2011. Petitioner's motion must therefore have been filed on or before March 11, 2012. It was not submitted until August 27, 2012. DE-42, 44.

Nonetheless, Petitioner asserts that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), pointing to the Supreme Court's cases in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). *See* DE-44 at 4, 12; DE-42 at 1. Yet *Frye* and *Lafler* addressed when a petitioner may show prejudice where "a plea offer has lapsed or been rejected because of counsel's deficient performance," and thus do not represent any sea change in a case such as Petitioner's, where a plea was accepted. *Cf. Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (establishing standard for ineffective assistance of counsel where a petitioner pled guilty, relied upon in *Lafler* and *Frye*). They therefore established no "newly recognized" right as applies to Petitioner. *See, e.g., Harris v. Smith*, --- F. App'x ----, 2013 WL 6645584, at *1 (4th Cir. Dec. 18, 2013) (citing *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012) (holding that *Frye* and *Lafler* did not announce a new rule of constitutional law). In sum, Petitioner cannot evade the limitations period by virtue of *Frye* and *Lafler*.

3

Petitioner also contends that he "discovered new evidence of actual innocence." DE-44 at 12. Yet Petitioner fails to either identify this evidence or explain how it would constitute "facts [that] could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). *See generally id.*; DE-42. Accordingly, Petitioner cannot demonstrate that his motion is timely under this provision either.

Finally, although the Section 2255(f) time limit is subject to equitable tolling, Petitioner has failed to either allege or demonstrate that it is warranted here. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005); *see also Holland v. Florida*, 560 U.S. 631, 645 (holding that the identical principle governs habeas review of state sentences under analogous statute). A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner has proffered no facts in support of either of these elements.

In sum, because Petitioner has failed to file his motion to vacate within one year after his judgment of conviction became final, and because no later accrual date applies under Section 2255(f), his motion to vacate is untimely.

**CONCLUSION**

Petitioner's motion is untimely and is therefore subject to dismissal. The undersigned therefore RECOMMENDS that Petitioner's motion to vacate (DE-42), as amended, (DE-44) be DENIED, and that the government's motion to dismiss (DE-47) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, April 07, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE