IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-20-FL
No. 7:12-CV-360-FL

| | |
|---|---|
| THOMAS EARL SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 42, 44), and the government's motion to dismiss the petition as untimely. (DE 47). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation (M&R) wherein it is recommended that the court grant the government's motion to dismiss and deny petitioner's motion. Petitioner filed objections to the M&R. In this posture, the matter is ripe for ruling.

## BACKGROUND

Petitioner pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §846 (count 1); and possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 3). On February 25, 2011, the court sentenced petitioner to 90 months imprisonment on count 1 and 45 months imprisonment on count 3, to be served consecutively, producing a total term of 135 months. Petitioner did not appeal. On August 27, 2012, petitioner filed a motion for leave to file a motion under 28 U.S.C. §

2255(f)(3), which the court construed, upon notice given, as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner asserts claims that he received ineffective assistance of counsel at the time of his plea, and that he is actually innocent of the § 924 offense. The government moves to dismiss on the basis that the petition is untimely.

## DISCUSSION

    A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

    A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion to vacate is untimely under each prong of § 2255(f). First, it was filed more than one year after the judgment became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." United States v. Johnson, No. 99-7005, 2000 WL 37753 *1 (4th Cir. 2000); see United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"); cf. 28 U.S.C. § 2244 (time period for federal habeas relief for person in state custody runs from "the expiration of the time for seeking" direct review). In this case, where the court entered judgment of conviction on February 25, 2011, the judgment became final on the date the time for filing an appeal expired, or March 11, 2011. Because petitioner did not file his motion to vacate until August 27, 2012, his motion is untimely under § 2255(f)(1).

Second, petitioner does not allege any impediment to making the motion created by governmental action, pursuant to § 2255(f)(2).

Third, the Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here, as required by § 2255(f)(3). Petitioner suggests his motion is timely due to Supreme Court cases Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376 (2012). These cases, however, did not create a "newly recognized" right applicable to petitioner's claims. Rather, Frye and Lafler apply to different factual circumstances, and they do not announce any new rule of constitutional law

3

retroactively applicable on collateral review. See Harris v. Smith, 548 F. App'x 79, 79 (4th Cir. 2013).

Fourth, petitioner has not alleged a later date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence, as required by § 2255(f)(4). Petitioner asserts that he only recently obtained an affidavit of a witness declaring that she placed a firearm into petitioner's safe without telling him, which firearm was assertedly one of the factual predicates for petitioner's firearm charge. As an initial matter, petitioner has not alleged that he could not have discovered these facts through the exercise of diligence, but rather only that he did not do so. Indeed, petitioner states that the witness affidavit was in possession of his attorney, thus confirming that petitioner could have, but did not, earlier obtain the affidavit. In any event, the fact supporting petitioner's 2255 claim – that the firearm in the safe was not petitioner's – if true, would have been known by petitioner himself at time of petitioner's guilty plea.

Petitioner suggests, nonetheless, that the limitations period should be tolled because he only recently found "legal help" to obtain the affidavit through a discovery request to his trial counsel, and was delayed in doing so due to his "mental disability." However, "a plaintiff's unfamiliarity with the legal process or his lack of legal representation" on collateral review, does not provide a basis for extending the limitations period. Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000).

Petitioner also suggests that the limitations period should be tolled due to "actual innocence." A claim of actual innocence sufficient to toll an otherwise time-barred claim "requires [a movant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new

4

evidence." Id. at 327. Although diligence is not an absolute requirement, "in making an assessment of the kind Schlup envisioned, 'the timing of the [motion]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013),(citing Schlup, 513 U.S. at 332).

In evaluating allegations of actual innocence on collateral review, a defendant's statements during a plea colloquy "carry a strong presumption of verity" that poses "a formidable barrier in any subsequent collateral proceedings." United States v. Lemaster, 403 F.3d 216, 219-20 (4th Cir.2005). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Petitioner has not alleged facts meeting the actual innocence standard. As an initial matter, petitioner's firearm count was not based upon the presence of a single firearm, but rather two firearms, thus undermining the probative value of the asserted new evidence to a claim on collateral review. (See DE 1 at 2; DE 34). In addition, petitioner's possession of firearms in his residence was subject of discussion and objection, as set forth in the presentence report, further highlighting the equivocal and disputed nature of the facts now presented to support the actual innocence claims. (DE 34 at 19). Indeed the presentence report highlights substantial evidence regarding petitioner's possession of multiple firearms in connection with drug offenses. (See DE 34). Further, petitioner's present assertion that he is not guilty of the § 924 offense is belied by petitioner's own guilty plea to the offense. Accordingly, petitioner has not made the requisite showing to overcome the statute of limitations bar on the basis of actual innocence.

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a

5

constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss, and DISMISSES petitioner's motion to vacate. A certificate of appealability is DENIED on the terms set forth herein.

SO ORDERED, this 22nd day of August, 2014.

LOUISE W. FLANAGAN
United States District Judge